Filed 4/27/21  P. v. Cabanayan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>VILLA JEAN CABANAYAN,<br><br>  Defendant and Appellant. | H046630<br>(Santa Clara County<br>Super. Ct. No. C1475185) |

Defendant Villa Jean Cabanayan pleaded no contest to arson of an inhabited structure and admitted to using an accelerant in exchange for a state prison sentence of no longer than six years.  The trial court sentenced defendant to a six-year term and imposed various fines and fees.  On appeal, defendant contends that the trial court violated her constitutional rights by imposing the fines and fees without first determining that she had the ability to pay them.  We shall affirm.

I.    **BACKGROUND**

   *A.    Factual Summary*

   We take the facts from the probation report.

   Defendant and her teenaged son rented rooms in a single family home in Santa Clara.  The landlord and another renter also lived in the home.  In January 2014, the landlord decided to sell the home.  When defendant saw a for sale sign in front of the house, she became upset.  A few days later, in the early morning hours of January 31, 2014, the house was destroyed by fire.

Defendant's son was staying at his aunt's house the night of the fire and was not home. The landlord and the second renter were home sleeping when the fire started. The second renter awoke to a commotion. She looked out in the hallway and saw defendant running up the stairs with the bottom portion of her legs on fire. The second renter helped defendant extinguish the fire on her legs and all three women escaped the house. Defendant suffered burns that required hospitalization and skin grafts; the other women were unharmed.

Investigators determined that the fire was intentionally set in the garage and spread to the house. The County Crime Lab detected the presence of gasoline on the clothing defendant was wearing at the time of the fire.

### B.     Procedural History

The Santa Clara County District Attorney charged defendant with arson of an inhabited structure (Pen. Code, § 451, subd. (b))[1] and alleged that she used an accelerant within the meaning section 451.1, subdivision (a)(5). Defendant pleaded no contest to arson of an inhabited structure and admitted the use of an accelerant allegation on July 23, 2018. In exchange, the trial court gave an indicated sentence of no more than six years in state prison.

On December 17, 2018, the trial court imposed a six-year state prison sentence— the low term of three years on count 1 plus the low term of three years on the enhancement. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)) with an additional $300 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); a $40 court operations assessment fee (§ 1465.8); a $30 court facilities assessment fee (Gov. Code, § 70373); and a $129.75 criminal justice administration fee.

Defendant timely appealed.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## II. DISCUSSION

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends the trial court violated her due process rights by imposing the restitution fine, court operations assessment fee, and court facilities assessment fee without first determining her ability to pay them. Alternatively, she argues that the restitution fine violates state and federal constitutional prohibitions on excessive fines.

### A. Dueñas-*Based Due Process Claim*

In *Dueñas*, Division 7 of the Second Appellate District held that due process requires the trial court (1) to conduct a hearing to ascertain a defendant's ability to pay before it imposes a court operations assessment or a court facilities assessment and (2) to stay execution of any restitution fine (§ 1202.4) unless and until it holds an ability-to-pay hearing and concludes that the defendant has the ability to pay the restitution fine.

The *Dueñas* court noted that " '[c]riminal justice debt and associated collection practices can damage credit, interfere with a defendant's commitments, such as child support obligations, restrict employment opportunities and otherwise impede reentry and rehabilitation.' " (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.) In view of "[t]hese additional, potentially devastating consequences suffered only by indigent persons," *Dueñas* concluded that Government Code section 70373 and section 1465.8, subdivision (a)(1) effectively impose "additional punishment for a criminal conviction for those unable to pay." (*Dueñas, supra*, at p. 1168.) Based on that conclusion, the court reasoned that imposing these assessments without a determination that the defendant has the ability to pay them is "fundamentally unfair" and "violates due process under both the United States Constitution and the California Constitution. (U.S. Const. 14th Amend.; Cal. Const., art. I, § 7.)" (*Ibid.*, fn. omitted.)

As to the restitution fine, the *Dueñas* court's conclusion that section 1202.4 "punishes indigent defendants in a way that it does not punish wealthy defendants" apparently is limited to cases in which probation is granted. (*Dueñas, supra*, 30

3

Cal.App.5th at p. 1170.) In that circumstance, payment of the restitution fine must be made a condition of probation. (§ 1202.4, subd. (m).) *Dueñas* noted that those probationers who "successfully fulfill[ ] the conditions of probation for the entire period of probation [generally have] an absolute statutory right to have the charges against [them] dismissed. ([§] 1203.4, subd. (a)(1).)" (*Dueñas*, *supra*, at p. 1170.) Indigent probationers, who cannot pay the restitution fine and thus cannot fulfill the conditions of their probation, are denied that right solely by reason of their poverty, *Dueñas* reasons. (*Id*. at pp. 1170-1171.)

Some courts have disagreed with *Dueñas*'s due process analysis or have limited the case to its facts. (See *People v. Hicks* (2019) 40 Cal.App.5th 320, 329 [declining to follow *Dueñas*]; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [same]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*) [same]; (*People v. Caceres* (2019) 39 Cal.App.5th 917, 926-927 [declining to extend *Dueñas* beyond "[its] extreme facts"]; *People v. Allen* (2019) 41 Cal.App.5th 312, 326 [expressing agreement with "the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis"].) Panels of this court have reached conflicting conclusions as to whether *Dueñas* was correctly decided. (See, e.g., *People v. Santos* (2019) 38 Cal.App.5th 923, 927 (*Santos*) [following *Dueñas*]; *id*. at pp. 935-939 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 (*Adams*) [concluding that "*Dueñas* was wrongly decided"]; *id*. at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 (*Petri*) [finding that *Dueñas* was not "persuasive"]; *id*. at p. 95 (dis. opn. of Premo, J.).) The issue of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments is pending before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted November 13, 2019, S257844 (*Kopp*).

Defendant did not object in the trial court to the imposition of the fines and fees now at issue. Because her sentencing hearing took place before *Dueñas* was decided, we

4

excuse the failure to object on due process grounds rather than finding the issue forfeited. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding no forfeiture, reasoning *Dueñas* announced a new "constitutional principle that could not reasonably have been anticipated at the time of trial"]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138 [where minimum restitution fine was imposed, declining to find forfeiture, reasoning that *Dueñas*, while "grounded in long-standing due process principles and precedent," was not "predictable [such that it] should have been anticipated"]; *Santos*, *supra*, 38 Cal.App.5th at pp. 932-933 [declining to find forfeiture].)

However, we reject defendant's due process claim on the merits because we remain convinced that *Dueñas* was wrongly decided for the reasons articulated in *Santos*, *supra*, 38 Cal.App.5th at pp. 935-939 (dis. opn. of Elia, J.); *Adams*, *supra*, 44 Cal.App.5th at p. 832; and *Petri*, *supra*, 45 Cal.App.5th at p. 90. Accordingly, we decline to strike the court facilities assessment and court operations assessment or to stay the restitution fine.

### B. Excessive Fines Claim

Alternatively, defendant argues that the restitution fine violates the federal and state constitutional prohibitions against excessive fines. The Attorney General agrees that the restitution fine is properly analyzed under those provisions, but maintains that the $300 fine passes constitutional muster.

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." In *Timbs v. Indiana* (2019) 139 S.Ct. 682, 686 (*Timbs*), the United States Supreme Court held that the excessive fines clause is "an 'incorporated' protection applicable to the States . . . ." Article I, section 17, of the California Constitution prohibits "cruel or unusual punishment" and "excessive fines."

" 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some

5

relationship to the gravity of the offense that it is designed to punish. [Citations.] [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' [Citation.]" (*Aviles*, *supra*, 39 Cal.App.5th at p. 1070.) In *United States v. Bajakajian* (1998) 524 U.S. 321, "the United States Supreme Court announced an excessiveness test that has been recognized by California courts as applicable to both the federal and state excessive fines clauses." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 45 (*Cowan*).) In *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*Lockyer*), our supreme court wrote that, in *Bajakajian*, the United States Supreme Court "set out four considerations [for determining whether a fine is excessive]: (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." In fact, "only the first three [of those factors] were at issue in *Bajakajian*. For the fourth factor—ability to pay—the *Lockyer* court relied not only on *Bajakajian*, but also on [a] Court of Appeal decision," which in turn relied on a federal circuit case taking a "more expansive view that ability to pay is relevant to excessiveness under *Bajakajian*." (*Cowan*, *supra*, at pp. 47-48.)

Some of our fellow Courts of Appeal have held that ability-to-pay challenges to punitive fines, including restitution fines, are better analyzed under the federal and state constitutional prohibitions against excessive fines. (See, e.g., *Kopp*, *supra*, 38 Cal.App.5th at p. 96, review granted [restitution fines]; *Cowan*, *supra*, 47 Cal.App.5th at p. 48 [concluding that "ability to pay is an element of the excessive fines calculus under both the federal and state Constitutions, [such that] that a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay"]; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1071-1072 [addressing challenges to restitution fines and other assessments under the Eight Amendment and finding them not to be unconstitutionally excessive].)

6

For two independent reasons, we conclude that defendant's excessive fines claim has been forfeited. First, defendant failed to raise an excessive fines objection in the trial court to preserve her claim. (See *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited].) Such an objection was necessary because there has been no unforeseeable change in the law governing excessive fines claims. While the United States Supreme Court did not hold that the excessive fines clause was applicable to the states until after defendant's sentencing (*Timbs*, *supra*, 139 S.Ct. at p. 687), California courts have long entertained challenges to fines under article I, section 17 of the state constitution. (See, e.g., *Lockyer*, *supra*, 37 Cal.4th at p. 728.) Second, defendant fails to support her bare assertion that the $300 restitution fine is unconstitutionally excessive with any legal analysis. She does not, for example, explain why the fine is grossly disproportional to the gravity of her offense or analyze the factors set forth in *Lockyer*. Accordingly, we treat the excessive fines claim as forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Nunez and Satele* (2013) 57 Cal.4th 1, 51.)

## III.    DISPOSITION

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

GROVER, J.




*People v. Cabanayan*
H046630